(38 South. 85.)

No. 15,243.

McLELLAN et al. v. ROSSER.*

(Jan. 16, 1905.)

JUDICIAL SALES—NOTICE BY SHERIFF—RETENTION OF SURPLUS.

At a judicial sale the sheriff is required to announce that the property is sold subject to the privileges and mortgages that have preference over that of the seizing creditor, but no law requires him to announce that the purchaser shall have the right to retain in his hands any surplus over the claim of the seizing creditor to satisfy any special mortgages upon the property subordinated to the claim of the seizing creditor. The purchaser is authorized to make such retention, but the sheriff is not required to make any announcement in that regard.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Injunction by James B. Rosser, Jr., against Alden McLellan and others. Judgment for defendants, and plaintiff appeals. Affirmed.

George W. Flynn and Thomas Donovan Flynn, for appellant. Harry Hinckley Hall, for appellee McLellan. John Patrick Sullivan, for appellee A. H. Murray.

*Rehearing denied February 27, 1905.

PROVOSTY, J. This is an injunction suit to prevent a sale à la folle enchere, and to annul the adjudication upon which the attempted sale à la folle enchere is predicated. Plaintiff's property was seized and adjudicated under executory process, and, the purchaser failing to comply with his bid, the property was readvertised to be sold à la folle enchere, and the plaintiff brought the present injunction suit.

The ground upon which the adjudication is asked to be annulled and the sale à la folle enchere to be enjoined is that the sheriff made the adjudication without having announced at the auction that the purchaser would be permitted to retain in his hands, to satisfy subordinate mortgages, any excess of the price over the amount of the writ.

We know of no law requiring the sheriff to make such an announcement. There is a law requiring the sheriff to announce that the sale is made subject to the privileges and mortgages that have preference over the claim of the seizing creditor, but none that we know of requiring him to announce that the purchaser shall be authorized to retain in his hands the surplus of the price over the claim of the seizing creditor. "When there are special mortgages existing on the property subsequent to that of the seizing creditor," the purchaser may retain in his hands, for the purpose of paying such subordinate special mortgages, the surplus of the price over the claim of the seizing creditor; but the sheriff is not required to make any announcement in that regard.

The injunction is unfounded, and was properly dissolved.

The plaintiff in the executory process and main defendant in the injunction has claims against the proceeds of the sale because of the payment by him of certain taxes, and desires the court to pass upon the validity of said claims, and rank the same in the present proceeding. The learned judge a quo properly refused to accede to that request. It will be time enough to fight over the proceeds after they are realized.

Judgment affirmed.