Statement.
MONROE, J.
The titular plaintiff in this case, as the holder of past due notes representing the purchase price of certain real estate, undertook to foreclose the mortgage by which the notes were secured, and the property was seized under executory process and adjudicated to A. H. Murray, who deposited 10 per cent, of the amount bid by him in the hands of the sheriff but failed further to comply with the adjudication, whereupon the sheriff, under plaintiff’s instructions, proceeded to offer the property for sale, a la folie enchere, and the proceedings having been injoined by the maker of the notes (and holder of the property), the matter came before this court, where the judgment of the district court, dissolving the injunction, .was affirmed. McLellan v. Rosser, 114 La. 140, 38 South. 85.
*804 Plaintiff then proceeded again to advertise the property for sale, a la folie enehere, when (upon the day preceding that upon which the sale was to have taken place) it was injoined by Murray, the adjudicatee. His petition for injunction (which purports to be a petition of intervention in the pending proceeding) alleges, in substance, the adjudication of the property (in May, 1902) and the deposit made by him; that he has always been ready to comply with his bid, but that differences arose between the seizing creditor and the defendant, Rosser, which culminated in an attack by the latter upon the validity of the sale and his obtaining an injunction prohibiting the readvertisement and sale of the property, a la folie enchere, “making your petitioner and said McLellan parties defendant to said proceeding and praying judgment against them”; that the case was decided adversely to Rosser, and the final result of said litigation between said MeLellan and said Rosser is “to affirm the validity of the said adjudication made * * * to petitioner, * * ’ * and that petitioner is anxious and willing to complete said adjudication; * * * that the civil sheriff * * * is now illegally proceeding to advertise, cry, and adjudicate said property, * * * a la folie enehere; « * * that the law relative to sales a la folie enehere, does not apply to sheriffs’, sales, * * * and that said acts and deeds of said sheriff and the plaintiffs herein, in attempting to sell said property a la folie enehere are illegal and violative of your intervener’s rights and interest”; and he prays for an injunction, and for judgment ordering the sheriff to make him a title upon his complying with his original bid or else to return the amount of his deposit.
The defendant in injunction (McLellan) pleaded, as exceptions, res judicata and “no cause of action disclosed,” and, upon the trial of the exception of res judicata it was shown, among other things, that Murray was made party defendant to the original injunction proceeding (in which Rosser was plaintiff), Rosser, who was called as a witness in his behalf, testifying: “I joined him as a party defendant. I enjoined the advertisement of the sale a la folie enehere, * * * but Mr. Murray had no interest in the suit; that is, he had nothing to do with it. I considered I had to make all parties, both Mr McLellan, as seizing creditor, and Mr Murray as adjudicatee, and the civil sheriff, .defendants to the injunction proceeding.”
A question then arose as to whether Murray had ever filed an answer or had been represented by counsel, and a document purporting to be his answer, and found in the record but not filed by the clerk, was offered in evidence and admitted, over objections, which were reserved to the effect. In this document, which appears to have been signed by an esteemed member of the bar, Murray, as defendant, admits the adjudication of the property as alleged in Rosser’s petition. He avers “that defendant, Alt H. Murray, has naught to do with the injunction proceedings; he had no interest therein and should be dismissed at the cost of the plaintiff in injunction,” and he prays “that he be hence dismissed, as being without interest herein,” etc. It was, then, shown that the document in question, not having been copied in the transcript of appeal, was brought up to this court, in the original, for the purposes of the former trial, by virtue of an agreement between the counsel representing the plaintiff and the defendant, Rosser, respectively, and that thereafter Murray appeared in this court, by the same counsel by whom his answer appears to have been signed, and, by brief, argued in support of the legality of the injunction and the illegality of the proceeding to sell the property a la folie enehere, the conclud *806 ing language of the brief being, “Murray is without fault and the sale a la folie enchere cannot proceed against him.”
The exceptions (in the instant case) were, However, overruled; the defendant in injunction answered, and after hearing on the merits, there was judgment in favor of Murray, perpetuating his injunction against the present attempt to sell a la folie enchere and ordering the sheriff to return to him the amount of his deposit, and, from the judgment so rendered, the defendant in injunction (plaintiff in seizure) has appealed.
Opinion.
The proposition relied on, that Murray ■could participate in this court, as an interested party, in the litigation to which he had been cited, and, after taking his chance of a favorable judgment, escape the consequences of an unfavorable one, by setting up that the clerk of the district court had omitted to file the answer which had been prepared and tendered in his behalf, and, hence, that he was not a party to the suit or the judgment cannot be entertained. Moreover, in the petition filed by him in the present suit, he distinctly alleges that he was made a party defendant in the former suit, and he ■cannot be heard to deny it. Our learned brother of the district court seems to have thought that the issues presented in the former suit did not concern Murray, but, as the question there presented was, whether the property of which he was the adjudicatee should be sold a la folie enchere, and as that is the question which is presented here, it seems to us that he was interested in the former suit, or if it could be said that he was not, then, that it must follow that he is not interested in the present suit.
In the former suit, this court said:
“This is an injunction suit to prevent a sale a la folie enchere and to annul the adjudication upon which the attempted sale a la folie enchere is predicated. Plaintiff’s property was seized and adjudicated under executory process, and, the purchaser failing to comply with his bid, the property was readvertised to be sold a la folie enchere, and the plaintiff brought the present injunction suit. * * * The injunction is unfounded and was properly dissolved.”
And the judgment appealed from, by which the injunction was dissolved, was affirmed. This judgment, we think, constitutes res judicata, quoad the issues here presented; a conclusion which renders it unnecessary that we should consider other points presented on behalf of the defendant in injunction.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that the demands of A. H. Murray be rejected; and that his intervention be dismissed and his injunction dissolved, at his cost in both courts.