No. 4158.

(Court of Appeal, Parish of Orleans.)

## ALDEN McLELLAN vs. JAMES B. ROSSER, JR.

1. The mortgage debtor, having failed to pay the taxes due on the mortgaged property, the mortgage creditor, for his own protection, and under the terms of the act of mortgage has the right to pay such taxes for the preservation of the property and, by so doing, to become subrogated to the rights of the fisc.
2. City taxes are imprescriptible and notwithstanding the fact that the tax privileges have become prescribed, the City has the right to proceed to their enforcement, so long as the property remains in the ownership of the person to whom such taxes were assessed.
3. Since the enactment of the revenue act of 1890, the owner of property has no standing in Court to contest an assessment thereof in the name of another, unless he called the attention of the assessors to the error, when the lists were open for inspection and correction.

Appeal from Civil District Court, Division "A."

Harry H. Hall, for Plaintiff and Appellee.

Dinkelspiel, Hart & Davey, for Civil Sheriff Appellee.

Geo. W. Flynn & Thos. D. Flynn, for Defendant and Appellant.

Jos. B. Rosser, Jr., in P. P., Appellant.

DUFOUR, J. On October 15th, 1894, J. D. Taylor purchased the property which has given rise to this controversy, and, on the same day, he sold it to Rosser for $8000, $7000 of which were represented by notes which were bought by McLellan.

Both conveyances were recorded on the same day.

McLellan, having on April 10th, 1902, issued executory process, the property was, on June 17th, 1902, adjudicated to one Murray, who refused to pay the price of adjudication, whereupon McLellan had the property re-advertised for sale *a la folle enchere.*

286

On March 11th, 1903, Rosser enjoined the sale, and by final judgment of the Supreme Court, reported in 114 La. 140, his injunction was dissolved.

On April 20th, 1905, Murray enjoined the sale and his injunction was dissolved by final judgment of the Supreme Court, reported in 41 S. R. 97. The sale then took place and the property was adjudicated to McLellan for the sum of $11,900, which was retained by him on the theory that the mortgage, interest, costs and certain claims due him by defendant exceeded that sum. On June 1906, McLellan took a rule on Rosser and Murray to show cause why mover should not be allowed to impute to his alleged debt, stated to be $14,363.67, the whole price of adjudication, as well as the $995 deposit made by Murray at the first sale, and why his right to sue Rosser for the balance should not be reserved.

McLellan also took a rule to show cause why he should not be put in possession of the property. About the same time, Rosser took a rule on McLellan to show cause why he should not pay to the Sheriff an amount of $1393.40, which Rosser claimed to be the excess of the price of adjudication over the amount of his mortgage debt. Upon McLellan's depositing that amount with the Sheriff, the rule for possession was made absolute, and there was judgment on the other rules imputing the full price of adjudication to an indebtedness fixed at $13509.50, and further dismissing Rosser's demand.

The latter has appealed and McLellan has acquiesced in the judgment. The first error to which our attention is called is that the allowance for interest and attorney's fees is excessive. No charge for interest can properly be made against Rosser for the delay caused by Murray's injunction sued out on April 19th, 1905, and finally dismissed by the Supreme Court on May 7th, 1906. The amount of interest to be deducted is $515.62, and the attorney's fee thereon is $25.78, in all $541.40. The second reduction claimed is as to costs of sale.

Pursuant to our decree in suit No. 4096 the Sheriff deducted from the $995 deposited by Murray, when the property was adjudicated to him, the sum of $267.90, which he paid to McLellan's attorney. Rosser is entitled to a credit for that amount.

The items "transcript Supreme Court $32 and costs of Supreme Court" $16.20, total $48.20, appertain to the Murray suit, and cannot be fastened on Rosser. The next ground of complaint is as to the taxes paid by the plaintiff and of which he now seeks re-imbursement. The argument on this point is that, the assessments were not made in the name of the owner, that the sale to the City for the taxes of 1896 was void for want of notice to the delinquent and that the sale to the State was void for the same reason.

When the mortgage debtor neglected to pay the taxes, the mortgage creditor in self-protection and according to the tenor of the act of mortgage, had the right to pay such taxes for the preservation of the property, and, by so doing, become subrogated to the rights of the State and City. McLellan paid the taxes of 1902, 1903, 1904 and 1905, and further, redeemed the property to Rosser from the sale to the City for the taxes of 1896 by paying the taxes of 1896 to 1901 both inclusive, with interest and costs, amounting in all to $1253.58.

This is precisely what the owner would have been compelled to do in order to regain his property (pretermitting the alleged nullity of the sales), because the assessments were valid and the taxes were enforceable. In People's Homestead Co. vs. City, 107 La. 407, after reviewing the jurisprudence, the Supreme Court held that City taxes are imprescriptible and that, notwithstanding the tax privileges have become prescribed, the City has the right to proceed against the party assessed, for the purpose of realizing the taxes, so long as the property remains in the ownership of the person to whom they are assessed. Since the enactment of the revenue act of 1890, the owner of property has no standing in Court to contest an assessment of his property in the name of another, unless he called the attention of the assessors to the error, when the lists were open for public inspection and correction.

Assuming for the sake of argument, that the sales were null for want of notice and that the costs and even the interest cannot be charged to Rosser, his position is not improved thereby.

According to his own figures, the interest, costs of sale and redemption amount to $310.78. Add the amount of the deduc-

tions already indicated, for interst on notes, attorney's fees, Sheriff's charges and costs of Supreme Court, $857.50; and a total of deductions is obtained of $1168.28; which subtracted from the amount allowed to plaintiff below, say $13,509.50. leaves a balance due to plaintiff on his mortgage claim of $12,341.22, which is in excess of the price of adjudication, to-wit, $11,900.

Hence, the judgment dismissing Rosser's rule and authorizing McLellan to retain in his hands the entire price of adjudication is correct.

Judgment affirmed.