W. H. KOLB *v.* J. E. BENNETT LAND COMPANY.

74  567
f83 356

74   567
f88  768

74   567
f90  892

1. AGENCY. *Unilateral agreement. Nudum pactum.*

An agreement appointing an agent to sell land, the terms of which seek to bind only one of the parties thereto, is unilateral, and, until performance under it, without consideration. One may, at pleasure, ignore a nude promise.

2. SAME. *Land broker. Commissions.*

Such an agreement, where the owner himself sells the land before the agent finds a purchaser, cannot be made the basis of a suit by the agent for the commissions promised by its terms.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

The facts are stated in the opinion of the court.

*Gilleylan & Leftwich,* for the appellant.

The principal has himself the right to sell without liability for commissions. 2 Am. & Eng. Enc. L., 584, and notes; *McClane* v. *Paine,* 49 N. Y., 561 (10 Am. Rep., 431); *Packing Co.* v. *Farmers' Union,* 55 Cal., 606; *Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y., 378 (38 Am. Rep., 441). See *Stewart* v. *Murray,* 92 Ind., 543 (47 Am. Rep., 167), in which the authorities on this point are reviewed by the court. The contract is unilateral, without mutuality and supported by no consideration, and not enforceable. When it is admitted that Kolb had the power and right to sell and revoke the contract, appellee's case is lost, for when there is a revocation the contract is canceled which carries with it the right to commissions. All the authorities hold that to entitle a real estate broker to commissions, he must produce a purchaser able, ready, and willing to buy the property at the price and at the terms named in the contract. He must earn his commissions, must be the

procuring cause of the sale.    *McGavock* v. *Woodleif*, 20 How-
ard (U. S.), 221–227; *Walker* v. *Osgood*, 98 Mass., 348 (93
Am. Dec., 168, and notes); *Moses* v. *Bierling et al.*, 31 N. Y.,
462; 2 Am. & Eng. Enc. L., 582; Mechem on Agency, sec. 965.

*Houston & Reynolds*, for the appellee.

Appellant defended, in the court below, on the ground that
he, as owner, had the right to sell his own land, and could re-
voke appellee's authority and could himself sell at any time.
It was admitted that he did not expressly revoke, but contended
that he revoked the contract by implication by deeding the
property to King.    The question in this case is one of the right
to commissions under the particular contract sued on in this
case.    It says: "I hereby appoint J. E. Bennett Land Com-
pany as my agents to sell said land, to the exclusion of all
others."    Counsel further contend that Kolb had the right to
revoke the authority at any time, because not coupled with an
interest and not conferred for valuable consideration.    This
assumes that the principal has not parted with this very right
by his contract.    In all the cases cited by counsel for appellant
no time was fixed by the contract.

CALHOON, Sp. J., delivered the opinion of the court.

Mr. Kolb signed and delivered to Mr. Jackson, an agent of
the land company, an instrument in writing in these words:
"This is to certify that I am owner in fee of the following
lands (describing them), and that I hereby authorize and ap-
point J. E. Bennett Land Company as my agents to sell said
lands, to the exclusion of all others, with the express under-
standing that they shall have a commission of ten per cent. of
the consideration, when cash payment is made, regardless of
who effects the sale, the following price and terms to govern
said sale: $2,425 cash; terms easy.    Deferred payments to
draw interest at the rate of eight per cent. per annum, payable
annually, all payments to be made on or before ———.    Said sale

to be effected within a period of January 1, 1896. I further agree to assist said J. E. Bennett Land Company in selling said land at the price named above, and to execute deed and furnish abstract of title showing said land clear of all incumbrance, on demand and in compliance with above terms. In witness whereof I have hereunto subscribed my name, this twelfth day of April, 1895."

Before January 1, 1896, and without notice to the land company, Kolb sold his lands himself for $2,000, one-third cash and the balance on time. The land company sued him for 10 per cent. commissions on the amount paid and agreed to be paid Kolb by his vendee. The land company had taken steps to obtain purchasers, had advertised, had taken persons to see the property, and thought it would have effected a sale to one of them.

At the trial Kolb moved to dismiss, because the action was on the written contract instead of being for damages, and for want of jurisdiction in the justice's court, the plaintiff having reduced the claim from $242.50, the contract sum, to $200. Kolb sought to testify that, before he signed the contract, Jackson, the agent of the land company, told him it did not prevent him (Kolb) from himself selling at pleasure without commissions in such case to the land company, but the court refused to permit him to do so, and finally it gave the jury a peremptory instruction to find for the land company.

The stipulations by Kolb were purely unilateral. The land company was not a party to the power of attorney. It paid no consideration. It entered into no correlative obligation. If it had taken no step whatever in the execution of the purposes of the agency, it would not have incurred any liability to Kolb. He could not have sued it for damages for nonperformance. If it had obtained a purchaser, even with the assistance of Kolb, ready and willing to buy, then its rights would have been perfect under contract sustained by an executed consideration. Under the agency it may have had a claim for reim-

bursement for expenses and trouble incurred in its prosecution up to the time of notice of revocation. But it does not sue for this, and we do not decide it. It sues on the alleged contract as if it were a party to it, and as if it were based on consideration.

An agent may proceed in the execution of such a power, or not proceed, as he chooses, and, if improperly thwarted by his principal, may, in a proper case, recover damages, but he cannot proceed under the stipulations of the power for commissions upon sale by the principal, which was itself a revocation of the agency. In this case the land company brought nobody to Kolb ready and willing to buy. It asked no assistance from him in negotiations with any probable purchaser who bought. Kolb found his purchaser, and sold without any suggestion from it. The object of the power was that the land company might effect a sale with or without the assistance of Kolb. Until it effected this, with or without Kolb's aid, it was entitled to nothing under the writing as a contract, unless because of the fact that, by its terms, the agency was exclusive and for a fixed term, and entitled it to commissions "regardless of who effects the sale," for which promise on the part of Kolb no consideration was given. One may, at pleasure, ignore a nude promise, and deal with the subject of it as he sees fit, with no other liability save that for damages in the way of expenses, etc., incurred in the prosecution of the subject of the promise before notice of its revocation. The object of notice of revocation is to stop these damages.

Nothing is better settled in the law than that an authority to sell land, when not coupled with an interest, may be revoked at the will of the principal. Am. & Eng. Enc. L., 2d ed., 1216, and authorities cited in note 3. Nothing is better settled than that the phrase "coupled with an interest," means an interest in the thing sold (*Ib.*, 1218, note 1), or than that a commission out of the proceeds of a sale to be made, is not such an interest (*Ib.*, notes 3 and 4), and the sale of the property by the prin-

cipal is a revocation (*Ib.*, 1219, note 3). It is equally well settled that revocation of such authority may be made by the principal at his own pleasure, though the terms of the appointment declare that it shall be "exclusive" or "irrevocable." Mechem on Agency, sec. 204, and notes 3 and 4 thereto. All these propositions are removed from debatable territory. They are based on the ground of want of consideration. They can be based on no other. This express reason is given by Chief Justice Waite, speaking for the supreme court of the United States. U. S. Supreme Court Rep., vol. 125, p. 342, in *Walker* v. *Walker.*

In *Walker* v. *Denison*, 86 Ill., 142, the power contained these clauses:

"And said attorneys are to account to me for one-half of the net proceeds derived from the above sales, after deducting all necessary expenses therefrom. And this power of attorney is not revocable, and cannot be revoked within two years from this date."

The power was to sell patent rights in a prescribed territory. The principal sold without notice of revocation to the agent. The court held the principal could do this, on the express reason that "there is no undertaking on the part of Walker (the agent) in the instrument."

In *Stensguard* v. *Smith*, 43 Minn., 11, the power was, "In consideration of L. T. Stensguard agreeing to act as agent for the sale of the property hereinafter mentioned, I have hereby given to said L. T. Stensguard the exclusive sale, for three months from date, the following property." It then describes the lands and states the commissions. The agent immediately took steps to effect a sale, by advertising and by personal solicitation of purchasers. But, in one month after executing the instrument, the principal himself sold the land. Nevertheless, the court sustained the right of the principal to sell, and said, speaking of the instrument, "This alone was no contract, for there was no mutuality of obligation: The plaintiff (the agent),

did not by this instrument obligate himself to do anything, and, therefore, the other party was not bound," and the court denied the agent any compensation whatever, even for expenses; and said further, as to the agent: " He can recover nothing for what he did unless there was a complete contract, in which case, of course, he might have recovered damages for its breach."

On this requirement of mutuality, we refer also to *Stier* v. *Imperial Life Ins. Co.*, 58 Fed. Rep., 847; *Blackstone* v. *Buttermore*, 53 Pa. St., 266; *Wilcox* v. *Ewing*, 141 U. S., 627; Story on Agency, sec. 476; *McGregor* v. *Gardner*, 14 Iowa, 326; *Chambers* v. *Seay*, 73 Ala., 372.

It follows that the contract in the case at bar was without consideration, and did not prevent Kolb from dealing with his property as he saw fit.

The court erred in giving the peremptory instruction for plaintiff and in refusing a peremptory instruction for defendant.

*Reversed and remanded.*