John W. Taylor *v*. Christopher C. Barbour et al.

1. BROKERS. *Contracts.   Commissions.   Recovery.   Unilateral agreements.*

   A promise by the owner of property to pay a broker a commission on its sale when made by either of them is unilateral; and if the owner effects the sale the broker cannot recover commissions; but if the broker effects the sale his commissions are recoverable.

2. SAME. *Consideration.*

   If in such case the owner make the sale by the aid of the broker, such aid will constitute a consideration and entitle the broker to recover his commissions.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Barbour and others, partners, doing business under the firm name Barbour & Company, appellees, were the plaintiffs in the court below, and Taylor, the appellant, defendant there. From a judgment in plaintiffs' favor the defendant appealed to the supreme court.

The plaintiffs, Barbour & Company, instituted two different suits before a justice of the peace against appellant, one to recover $60 as commission for sale by plaintiffs, as brokers, of $24,000 of Corinth Waterworks bonds, the other to recover $125, as commission for sale by plaintiffs, as brokers, of $70,000 of Gulf Compress bonds. Judgments by default were rendered in the justice's court in the two cases against the defendant, Taylor, from which he appealed to the circuit court, where the two cases were consolidated.

The contract, the basis of the suits, is found in certain letters written by Taylor to Barbour & Company, which, omitting formal parts, are as follows:

"Yours of the 15th received. The party with whom we

thought we had placed the bonds did not take them, so you may still try to place them. If we should place them before you do, we will allow you the commission on them just the same as if you had sold them, which we understood to be one-eighth of one per cent, if we are not mistaken. There should be no trouble in placing these bonds, so please make your best endeavors to get the very best price possible. We want to be in position to make sale of them, if we can, although you will have them for sale yourself. If you get an offer, please advise us at once."

"Yours Dec. 1st rec'd. We would not want to discount the Gulf Compress Co. notes any at all, as they are A No. 1 securities. They are amply secured by the property, and in addition I am perfectly willing to indorse every one of the notes. The Gulf Compress Co. are getting control of most of the presses in the South, and we regard the paper as gilt-edge. We are perfectly willing to pay you your brokerage of one-fourth of one per cent, and might allow a small discount on the notes, but to make it net party eight per cent would require a loss of about $15,000."

"Inclosed please find check for $50 on a/c expenses entailed by you in assisting me to dispose of the Gulf Compress Co. notes. I will send you check for balance soon, as we are using all our funds now. I do not see why you looked at this matter the way you did, as you did not have any option on the notes. I wish to do what is right with you, however. I have at present $100,000 Como Compress Co. bonds for sale. Bonds bear six per cent and are due in twenty years. If you have any customers who would be interested, advise me, and maybe you can place some of them for me."

The defendant offered no evidence. Under peremptory instruction, the jury returned a verdict in plaintiffs' favor for $185, the total of the two demands against defendant, together with interest.

*J. M. Boone,* for appellant.

The sole issue here is, whether the contract sued on was unilateral and supported by no consideration moving from appellees to appellant. The case is controlled by *Kolb* v. *Land Company,* 74 Miss., 568. It will be seen that Barbour & Company, the appellees, admitted that they did not sell the bonds or the notes; and there was no evidence showing that they assisted in any way in effecting the real sale of the bonds or the notes. They based their right to recover, upon the statement of appellant that he would pay them their commission whether they sold the bonds and notes or not. Appellees paid no consideration, entered into no correlative obligation, and, if they had taken no steps whatever in executing the purposes of agency, they would have incurred no liability to appellant; and appellant could not have sued them for nonperformance of the contract. Appellees did not present any purchaser, ready and willing to buy. The circumstances here are practically the same as in the case of *Kolb* v. *Land Company, supra.* See also *Stensguard* v. *Smith,* 43 Minn., 11, 4 Am. & Eng. Ency. of Law (2d ed.), 967; *Sibbald* v. *Bethlehem Iron Co.,* 38 Atl. Rep., 441.

The court below seemed to be impressed with the idea that the appellant was liable to appellees because he promised to pay the commissions whether the appellees effected the sale of the bonds and notes or not. But such promise was clearly without any consideration, and no authority can be found to authorize its enforcement. Lawson on Contracts, sec. 100; *Hendricks* v. *Robertson,* 56 Miss., 699.

The lower court permitted recovery on the express contract of appellant to pay appellees, whether appellees sold the bonds and notes or not. Recovery was not permitted on *quantum meruit,* nor on a claim for expenses incurred, but, as stated, on express contract, the court holding that appellees should be allowed to recover for services not rendered, by reason of the fact that

appellant had promised appellees that he would pay them commissions whether they sold the bonds or not.

We call the court's attention to the fact that appellant, according to the testimony of appellees, never admitted that appellees assisted in the sale of the $24,000 Corinth Waterworks bonds, hence appellees were not entitled to recovery of commissions on this account.

*Lamb & Johnston,* for appellees.

It will be seen, that appellant does not deny the contract as detailed by the testimony of appellees. In fact, the letters in evidence of appellant confirm the testimony and contentions of appellees.

We do not agree with the learned counsel for the appellant, that this case is controlled by *Kolb v. Land Company,* 74 Miss., 568; because the appellant, Taylor, states in his letters that the appellees, Barbour & Company, assisted in selling the notes and bonds, and paid appellees part of their commission for so doing, and promised to pay the balance. The contract was not unconscionable, was clearly understood by the parties thereto, and appellees lived up to the very letter of their part of the contract.

The learned counsel for appellant present their case on the theory that nothing was done by appellees after the contract was made. It is shown, however, as against this, that appellees went to work at once to dispose of the bonds and notes, and appellant admits their assistance in disposing of them. The service performed by appellees was a valid consideration. 6 Am. & Eng. Ency. of Law (2d ed.), 719.

The rule is well established, that in bi-lateral contracts the promise of each of the parties is a sufficient consideration for the promise for the others. 6 Am. & Eng. Ency. of Law (2d ed.), 727. As the performance of the contract by appellees constituted a valid consideration, and the consideration was executed, the contract became enforceable. Hence, appellees are

clearly entitled to the commission of one-fourth of one per-centum for the sale of the Gulf Compress Company notes. 6 Am. & Eng. Ency. of Law (2d ed.), 970; *Stringfellow* v. *Elsea* (Tex.), 45 S. W. Rep., 418.

The case of *Hendricks* v. *Robertson,* 56 Miss., 699, cited by appellant, cannot have any application to this case, for the governing feature in the case cited, was the statute of frauds. We submit that the case of *Hoskins* v. *Fogg,* 60 N. H., 402, sustains the contentions of the appellees in this case.

MAYES, J., delivered the opinion of the court.

If there were nothing in this record except the promise of Taylor to allow Barbour & Co. a commission of one-quarter of one per cent on the sale of the bonds in question, whether the sale was effected by Taylor or Barbour & Co., and the sale, in point of fact, had been made by Taylor, the agreement would be unilateral and have no binding force on him, and would fall directly within the rule laid down in the case of *Kolb* v. *Land Co.,* 74 Miss., 567, 21 South., 233. Even under this agreement, if the sale had actually been accomplished by Barbour & Co., they would have been entitled to their commission, even though the agreement was unilateral and could have no binding force until executed by Barbour & Co. In the letter written by Taylor to Barbour & Co. on June 22, 1906, he acknowledges that they (Barbour & Co.), assisted him in disposing of the Gulf Compress Company notes. This being the case, after the performance of the contract by Barbour & Co., this performance by them constituted a valid consideration for the contract. The consideration being executed, the contract became enforceable. Therefore they are clearly entitled to the one-fourth of one per cent commission for the sale of these notes, and the judgment as to the $125 is affirmed.

The case is different as to the $24,000 Corinth Waterworks bonds. The promise to allow commissions on the sale of these bonds never proceeded beyond a unilateral agreement, and

there is no admission by Taylor that Barbour & Co. assisted in the sale of these bonds. Therefore there can be no recovery of commissions on this amount. Hence the judgment for $60 was improper, and as to this the case must be reversed and remanded, and the costs taxed in equal proportion against appellant and appellee.