GARNER SMITH *v.* A. H. CAUTHEN.

[54 South. 844.]

1. OPTION CONTRACT. *Consideration. Breach. Damages.*

Where the consideration for an option is the performance of certain acts, until such acts are performed, the promise to convey is not binding upon the promisor, and is revocable at his pleasure; but when such acts are performed, the consideration arises and his promise to convey then becomes irrevocable.

2. CONSIDERATION. *Error in instruction.*

Where the consideration for an option was the payment of one dollar and the listing and advertising the land for sale, in a suit · for breach of contract, it was error to instruct that the one dollar, if paid, would constitute a sufficient consideration for the option.

3. INSTRUCTIONS. *Misleading.* ·

In a suit for damages for the breach of an option where the real consideration was the listing and advertising of the land for sale, an instruction which tells the jury that if the plaintiff paid a valuable consideration either in money or "personal service" to defendant for the option the defendant could not withdraw it until it expired by its terms was misleading.

4. ACTION FOR BREACH OF CONTRACT. *Loss of profit. Damages.*

> Where plaintiff finds a purchaser for the property and calls upon
> defendant to carry out his option by making a deed to such pur-
> chaser and at the same time tells defendant that he is making no
> profit from the sale and thereupon defendant declines to convey;
> loss of profits cannot enter into the measure of plaintiff's damages
> for the reason that defendant in determining whether or not he
> would comply with the terms of the option, had the right to act
> upon the assumption that plaintiff would make no profit by the re-
> sale and defendant would not be liable to reimburse plaintiff
> therefor.

APPEAL from the circuit court of Madison county.

HON. W. A. HENRY, Judge.

Action by A. H. Cauthen against Garner Smith. From
a judgment for plaintiff, defendant appeals.

*O. A. Luckett, E. J. Leonard, Robert Powell,* and *Flow-
ers, Fletcher & Whitfield,* for appellant.

*Reid & Foote* and *H. B. Greaves,* for appellee.

Argued orally by *R. Powell* and *R. N. Fletcher,* for
appellant and *W. M. Reid* and *H. B. Greaves,* for appel-
lee.

SMITH, J., delivered the opinion of the court.

The appellant, Smith, executed the following option:
"Canton, Mississippi, August 17, 1909. This is to certify
that I have optioned to A. H. Cauthen, in consideration
of one dollar and his listing and advertising my property
for sale, the following described real estate, to-wit: W½
lot 14, lots 16, 18, 20, 22, on the north side North street,
and east of I. C. R. R. track, and being all the property
I own N. of N. St., E. of R. R., and includes my brick
plant, with all equipment as it now stands for the man-
ufacturing of brick, and containing about 8 acres, in Can-
ton, Miss. The above does not include live stock and
wagons, also 600,000 brick, wood amounting to $500.00,
and coal amounting to $100.00. The said A. H. Cauthen,
or his assigns, shall have the exclusive right to purchase

or sell the said property for ($8,000.00) eight thousand
dollars, net to me, on the following terms: One-half
cash, the balance due in 6 mos. after date of sale of prop-
erty at 8% per annum. In event of sale or purchase of
same, I agree to allow a commission of no per cent. The
period of this option shall be to Dec. 24th, 1909, months,
or thereafter until ——— days' notice is given in writ-
ing of the withdrawal of same. And I further agree to
furnish an abstract of title and convey unto purchaser
by warranty deed, upon consideration of the terms herein
stipulated. Dated this 17th day of August, A. D. 1909.
Garner J. Smith.''

After the execution of this option, the appellee adver-
tised the brick plant in question for sale. Later on he
advised appellant that he could not get eight thousand
dollars for the plant, but could get seven thousand dol-
.lars, and urged him to take this amount and to give him
a fee of two hundred dollars or three hundred dollars
for closing the deal. This offer was not accepted by the
appellant, and thereafter appellee advised appellant that
he had resold the property for eight thousand dollars,
but would make nothing on the deal, and tendered him a
deed to be signed; but there arose some misunderstand-
ing about what brick were to be included in the sale, and
appellant refused to sign the deed. Thereafter appellee
brought suit for breach of contract, for the sum of fifteen
hundred dollars damages, alleging that he had resold the
property for nine thousand five hundred dollars. From
a judgment for the amount sued for, the defendant ap-
peals, alleging as errors, among others, the granting of
instructions Nos. 2 and 4, which are as follows:

''No. 2. If you believe from the evidence that Cauthen
paid a vailuable consideration either in money or per-
sonal services to Garner Smith for the option in evidence,
Garner Smith had no right to withdraw the same until
the 24th day of December, 1909, the time at which the
same was to expire.''

"No. 4. The court instructs the jury, for the plaintiff, that if, after considering all the evidence and instructions of the court, they believe that Cauthen is entitled to any damages, then they must under their oaths give him a verdict for a sum equal to the difference between the price offered Cauthen by any party or parties willing and able to pay same and the sum of eight thousand dollars."

(1) It is manifest that the real consideration for the option was the listing and advertising of the property for sale by Cauthen, the $1 being merely nominal. Where the consideration for an option is the performance of certain acts, until such acts are performed the promise to convey is not binding upon the promisor and is revocable at his pleasure; but when such acts are performed, the consideration arises and the promise to convey then becomes irrevocable. 21 Am. and Eng. Ency. Law (2d Ed.) This view is not in conflict with any of our decisions. In *Kolb* v. *Bennett Land Company,* 74 Miss. 569. 21 South. 233, the instrument there under consideration merely appointed the land company Kolb's agent to sell, and contained no stipulation that any act was to performed by the land company in consideration of the promise of Kolb to give the company the exclusive right to sell.

(2) The granting of instruction No. 2 for appellee was error, for the reason that it advised the jury that the one dollar, if paid, would constitute a sufficient consideration for the option. (3) The term "personal services" contained in this instruction is also misleading, but we would not reverse for that alone.

(4) The court also erred in granting appellee's instruction No. 4. When appellee claims to have accepted appellant's offer to convey, he told appellant that the appellee had resold the property for eight thousand dollars, and consequently would make nothing by the deal. Loss of profits, therefore, cannot enter into the measure of appellee's damages, for the reason that appellant, in

determining whether or not he would comply with the terms of the option, had the right to act upon the assumption that appellee would make no profit by the resale, and that, consequently, he would not be liable to reimburse appellee therefor.

*Reversed and remanded.*