# FRASER v E & L INVESTMENT CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10170

Mr. A. R. Johnson, Cleveland, for Fraser.
Messrs. Lieghley, Halle, Haber & Berick, Cleveland, for E. & L. Investment Co.

SULLIVAN, J.

We have examined the question of error as to whether the court properly applied the law concerning the burden of proof and we do not find anything in the record, upon examination thereof, to show to the contrary and this brings us to the question of the state of the evidence, in order to determine whether the judgment is clearly and manifestly against the weight of the evidence, and in determining this question we have examined the record for the purpose of ascertaining whether there is any situation in the record that shows a grievous error or mistake on the part of the court either as to law or as to the facts, or whether there is a mere conflict in the evidence itself, because if it is only a question of a conflict in the evidence and there is credible evidence upon the essential points to support the judgment of the court, then a reviewing court is without authority to disturb the judgment.

Painsville Utopia Theater Co. vs Lautermilch, 118 OS. 167.

Of course there is no question but that the defendant in error had the right, during the existence of the contract, and before final performance, to abrogate or revoke the same, and there is credible evidence in the record showing that such revocation took place, although as before noted, the plaintiff's testimony is in conflict therewith.

Of course the burden of proof upon the revocation is upon the defendant in error and we have had this rule of law in mind in determining the question of the weight of the evidence.

The effect of the examination of plaintiff in error substantially corroborates the claim of the defense that $28,000 only was the amount that could be raised upon the security and that thereupon the defendant notified the plaintiff to drop the question of the loan and subsequently other parties secured the loan of $30,000.00.

Now we come to the question as to the legal authority for the revocation and we find in Spiegel vs Brenner, 116 OS. 631 an authority which settles this point beyond controversy:

"As a mere naked authority to sell land does not constitute a contract, it is revocable at any time before the offer which is contained in the authority, is accepted.

'So an authority to sell land or other property, when not coupled with an interest, may be revoked at any time before the actual sale takes place * * *.' I Am. & Eng. Enc. Law, 1216.

'A unilateral agreement of a landowner constituting an exclusive agent for the sale of the land within a specified time, which agent is to recevie a commission, regardless of who effects the sale, and is to be aided by the owner in making a sale, lacks mutuality, and hence is revocable at any time before the agent procures a purchaser.' Kolb v Bennett Land Co. 74 Miss. 567, 21 So. 233."

Spiegel supra was followed by this court in Schoenel vs Warner-White Co. 31 O. App. The petition in error herein was later dismissed by the Supreme Court as noted in 119 OS. 460.

We have, therefore, come to the conclusion that the judgment is not clearly and manifestly against the weight of the evidence, under the rules of law which we are compelled to follow; that the question of revocation was submitted to the trial court the same as if to a jury, and that court, under the authorities, was the final arbiter as to the facts, and there was no error of law committed that we find in the record.

Holding these views, the judgment of the lower court is hereby affirmed.

Vickery, P. J. and Levine, J, concur.