GODCHAUX SUGARS, INC., *v.* FINK *et ux.*

(Division A. April 8, 1940. Suggestion of Error Overruled May 20, 1940.)

[195 So. 318. No. 34038.]

**John W. Crisler,** of Clarksdale, for appellant.

W. W. Venable, of Clarksdale, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellant brought this action in the County Court of Coahoma County against appellees, Jake Fink and his wife, F. W. Fink, on a promissory note for $750. The trial in the county court resulted in a verdict and judgment in favor of the Godchaux Company. From that judgment, the Finks appealed to the Circuit Court, and there, the case was tried by the circuit judge on the record made in the county court, resulting in a judgment in favor of the Finks, holding that they were not liable on the note. From that judgment, the Godchaux Company prosecutes this appeal.

There is no substantial conflict in the material evidence. The Clarksdale Wholesale Grocery Company, Incorporated, which had carried on its business in the City of Clarksdale, was indebted to the Godchaux Company in the sum of $750. The grocery company, when the note sued on was executed, was insolvent and its affairs were being liquidated. Jake Fink was president of the corporation and his wife was secretary, although each owned only one share of stock in the company. The Godchaux Company called on them to execute a note for the amount due it by the grocery company. They complied by executing the note sued on, which was in this language:

534

"750.00
Clarksdale, Miss.
"April 22nd, 1936.
"On the 1st day of December, after date, we promise to pay to the order of Godschaux Sugars, Inc., Seven Hundred and Fifty and no/100 Dollars at Coahoma County Bank & Trust Co., Clarksdale, Miss. Account of Clarksdale Wholesale Grocery, Inc., Clarksdale, Miss.
"Jake Fink
"F. W. Fink"

The Finks owed no part of the indebtedness. They were under no legal obligation to execute the note. They were not benefited or promised any benefit for its execution. It was not accepted by the Godchaux Company in payment, either in whole or in part, of the indebtedness due it by the grocery company; nor was the time of payment of the indebtedness of the grocery company extended by the giving of the note. It is true the note was payable at a future date, but that did not mean an extension of time for the payment of the debt of the grocery company. In short, the Godchaux Company neither paid anything, did anything, nor promised to do anything as a consideration for the note.

A promise is not binding on the promisor unless an agreed price has been paid for or bargained for in exchange for the promise. Vol. 1, Sec. 75, Restatement of Contracts; Williston on Contracts, 1938 Ed., Sec. 100; Smith v. Cauthen, 98 Miss. 746, 54 So. 844; Owen Tie Company v. Bank of Woodland, 136 Miss. 114, 101 So. 292; Bancroft v. Martin, 144 Miss. 384, 109 So. 859, 111 So. 434.

Affirmed.