**Guiseppe BOLOGNA, Plaintiff,**

v.

**Hazel MORRISSEY and Mrs. Elizabeth M. Morrissey, Defendants.**

**Civ. A. Nos. 931, 932.**

United States District Court
S. D. Mississippi, W. D.

March 2, 1963.

Lott & Sanders, Greenwood, Miss. Teller, Biedenharn & Rogers, Vicksburg, Miss., for plaintiff.

Brunini, Everett, Grantham & Quin, Vicksburg, Miss., for defendants.

COX, Chief Judge.

The plaintiff has sued the defendants in an action of debt to establish an equitable lien on realty in Warren County under the doctrine of unjust enrichment. The case was tried before the Court without the intervention of a jury on a stipulation of counsel that the facts were as stated and contained in Record No. 1 (Styled: Sherard, Substituted Trustee v. Morrissey, Miss., 111 So.2d 662) and Record No. 2 (Styled: Morrissey v. Bologna, 240 Miss. 284, 123 So.2d 537). Initially this controversy originated as sales of whisky in Louisiana to Mike Morrissey for re-sale in Mississippi. This merchandise was delivered on to Morrissey's trucks in Baton Rouge, Louisiana, in each instance in exchange for Morrissey's checks. Checks for such merchandise aggregating the principal sum of one hundred thousand dollars were returned by the bank because of insufficient funds. Morrissey voluntarily induced his wife (Elizabeth), as owner of a farm near Vicksburg and as owner of their elaborate home in Vicksburg, to execute notes for these bad checks secured by deeds of trust on said properties said to be worth about a quarter of a million dollars. The sale of whisky in Mississippi is illegal. Its public policy is crystallized by statutory announcement.[1] The plaintiff has elected to suffer the consequences of his failure as a plaintiff to offer the most cogent and convincing proof available to him or have the Court infer that such additional proof not proffered would have been hurtful to him.[2]

The first record containing a part of the testimony now before this Court involved a suit by Mrs. Elizabeth M. Morrissey to enjoin the trustee in the deeds of trust from foreclosing the two trust instruments on said properties. Bologna was not a party thereto. The Court dismissed these separate injunction suits without granting any relief to Mrs. Morrissey because she was held to be in pari delicto with her husband in the whisky business in connection with the execution of the deeds of trust involved. That decision was affirmed by the Supreme Court without an opinion.[3]

Immediately thereafter Mrs. Morrissey conveyed said valuable properties to her sister-in-law (defendant here), without even discussing the transaction, by war-

---

1. § 2612, Mississippi Code 1942 provides: "If any person shall trust or give credit to another for intoxicating liquors, he shall lose the debt, and be forever disabled from recovering the same or any part thereof; and all notes or securities given therefor, under whatever pretense, shall be void."

2. Masonite Corporation v. Hill, 170 Misc. 178, 154 So. 295, 95 A.L.R. 157.

3. Sherard, Substituted Trustee v. Morrissey, Miss., 111 So.2d 662.

ranty deed upon the assumption of other liens on the property and the payment of an aggregate consideration equal to a small fractional percent of the true value of the properties. The next day the purchaser of said properties (Hazel Morrissey) filed a suit in the state court as then owner of said properties to cancel the liens of the two deeds of trust thereon given to Bologna and later to cancel the foreclosure deeds to the property which Bologna purchased at intervening foreclosure sales. The trial court dismissed that complaint and the Supreme Court reversed and rendered a decision for complainant.[4] Significantly, there has not since been any change in the occupancy and use of these properties. Mike Morrissey is dead. It is claimed that Hazel Morrissey has leased the properties to the former owner, Elizabeth Morrissey. It unduly taxes my credulity to view that sale from Elizabeth to Hazel as aught but a fraudulent conveyance to defeat the claim of Bologna, but the Supreme Court of Mississippi has said otherwise.

The facts in this case are that Bologna sold to Mike Morrissey (now deceased) whisky at Baton Rouge in Louisiana aggregating the principal sum of one hundred thousand dollars for which bad checks were given. Those sales were clearly and unmistakably induced by the utterance of worthless checks therefor by said decedent as the purchaser. Subsequently, Mike Morrissey and wife (Elizabeth) voluntarily executed notes secured by deeds of trust on his wife's plantation and their Vicksburg home to secure the payment of this amount which was treated as an *indebtedness*. No credit was ever extended in connection with said Louisiana sales prior to the execution of said notes and deeds of trust. Bologna's deeds of trust were subject to a prior deed of trust to a bank in the amount of ten thousand dollars on the home and one for fifteen thousand dollars on the farm. The farm was worth in excess of one hundred and twenty-five thousand dollars. The home was worth

approximately seventy-five thousand dollars. The wife of Mike Morrissey (Elizabeth), as owner of this property, attempted without effect to enjoin the foreclosure of the two Bologna deeds of trust. The defendant here (Hazel) was a surety on the two injunction bonds therefor. Soon thereafter Elizabeth Morrissey conveyed the farm and the home to her sister-in-law, Hazel Morrissey, who paid three thousand nine hundred ninety-two dollars and one cents in cash for the farm and paid three hundred eighty-eight dollars and eighty-seven cents for the home and assumed the twenty-five thousand dollars of liens of the bank on both places. Hazel Morrissey simply knew nothing about this transaction and could not intelligently discuss it or explain it anywhere in the record but constantly referred counsel to her lawyer for the answer. She denied any understanding with anybody about her not being the true owner of the property but this record belies such contention and unmistakably demonstrates that this sale to her was a fraudulent conveyance to defeat the claim of Bologna as Morrissey's creditor. Significantly, although she was blissfully ignorant of any of the important facts and details surrounding her acquisition of these valuable properties, her attorneys filed a suit the next day after she received her deeds to cancel the Bologna deeds of trust as a cloud on her title to these properties. Hazel Morrissey contended in her suit that the debt and the security therefor were void because it represented credit extended for the sale of whisky in violation of the laws of Mississippi. She put that question in issue in her pleadings and likewise put in issue her contention that she was an innocent purchaser of the property for full value without notice or knowledge of any infirmities therein. The trial court denied her any relief but the Supreme Court reversed that decision and rendered a final decree in her favor and upheld both of her said contentions. There were two dissents there-

4. Morrissey v. Bologna, 240 Miss. 284, 123 So.2d 537, appeal den., cert. dism., 366 U.S. 212, 81 S.Ct. 1091, 6 L.Ed.2d 239.

to. Bologna filed no cross bill thereto and was not obliged to do so under state law. He seeks in this suit to establish an equitable lien against said properties for his debt under the doctrine of unjust enrichment. The real debtor (Mike Morrissey) is dead and is not a party to this proceeding even through a personal representative. It is the very positive opinion of this Court that § 2612, Mississippi Code 1942 does not apply in this case to this transaction because it was not an instance of credit sales, and for the paramount reason that the transaction was made and closed in Louisiana and not in Mississippi. But the Supreme Court of Mississippi foreshadowed its late decision between these parties in a very early case.[5] A whisky transaction validly made in Kentucky was before the court in that case and all relief was denied under the same statute. The Supreme Court of Mississippi has consistently withheld relief in transactions even remotely involving whisky.[6] This Court cannot subscribe, with deference, to the decision of the State Supreme Court either as to its findings or legal conclusions in Morrissey v. Bologna, supra, and nonetheless is bound by those Mississippi decisions under the Erie doctrine.[7]

The State Supreme Court held in Morrissey v. Bologna, supra, that the transaction involved a sale of whisky in Mississippi and that the debt and the security were void; and that Hazel Morrissey was a bona fide purchaser for value of this property and that she had a good title thereto. Those questions are thus rendered res judicata here under that familiar principle of law.[8] It is difficult to treat Elizabeth Morrissey as a debtor to Bologna for whisky purchased from him by her deceased husband. There was no consideration for her executing the notes and giving the liens on her property in the first instance.[9] None of this property belonged to Mike Morrissey who was the real debtor of Bologna. There is no fact or circumstance from which a reasonable inference may be drawn to justify the Court in bridging this gap in this record and jumping to the conclusion that a constructive trust exists here to entitle the Court to impose a lien on this property for the decedent's business debt. The plaintiff has not shown by any substantial evidence in this record that he is entitled to an equitable lien in any amount on this defendant's property.

Accordingly, a judgment dismissing the complaint as amended at the cost of the plaintiff may be presented for entry.

---

5. J. & S. Goodman v. Swett, 108 Miss. 224, 66 So. 535.

6. Crosby v. Farose Trading Corp., et al., 200 Miss. 369, 27 So.2d 367.

7. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

8. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 95.

9. Godchaux Sugars Inc. v. Fink, 188 Misc. 531, 195 So. 318.