No. 2088.—G. KLEINPETER, Administrator, v. A. HARRIGAN, et al.

A transfer, in writing, of real estate is null as a sale if the act does not show that a price has been fixed and agreed upon. The price is essential to the contract of sale. C. C. 1757.

A fixed price is of the essence of the contract of *dation en payment.* 10 L. 151.

APPEAL from the Fifth District Court parish of East Baton Rouge, *Posey,* J. *Fuqua & Calliham,* for appellant. *R. W. Knickerbocker,* for appellee.

HOWELL, J. Plaintiff, as Administrator of the succession of John Kleinpeter, deceased, instituted a possessory action on the fifteenth of January, 1868, against the defendants to be quieted in the possession of a certain tract of land in East Baton Rouge, containing about two hundred and fifty acres upon which he alleges they had entered about the first January inst., 1868, and commenced cutting timber and erecting buildings, and he prayed for an injunction and damages. The defense set up title in Nancy Trim, one of the defendants, to fifty acres of land on the rear of said tract, by purchase under private signature on the thirty-first of December, 1866, from said John Kleinpeter, father of plaintiff, for the price of five hundred dollars, agreed on between the parties and due her for services, but which was omitted through error from said act of sale, and she prayed that the injunction be dissolved, and she be deemed the owner of said land.

By consent, the suit was tried as a petitory action, and judgment having been rendered in favor of defendant, Nancy Trim, the plaintiff appealed.

The instrument in question is in the following words:

"Know all men, that I have this day sold to Nancy Trim, my colored servant, and a good and faithful one she has proved to me. I gave her her freedom about ten years ago, yet she holds fast, and watches and cares for me in the most tender manner, and for her good conduct, I have this day sold her fifty acres of land in the rear of my plantation. Said land is bounded on the northeast by Mr. McIntosh's land, on the east by Mrs. Smith's farm, and on the northwest by Mr. Edmonston's farm. Said land is sold to her as a recompense, as a payment for her services to me, as I have paid her nothing for a number of years past. In witness whereof, I have set my hand and seal this thirty-first day of

December, in the year of our Lord one thousand eight hundred and sixty-six.

(Signed)  "JOHN $\times$ KLEINPETER.
his
mark.

" Witnesses :  A. S. ANCOIN, A. W. FORTUNE."

On the sixth of January, 1867, it was proven by said witnesses before and recorded by the parish Recorder. It is contended that this is not a sale, for want of a price.

" Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent. The price of the sale must be certain; that is to say, fixed and determined by the parties.

" It ought to consist of a sum of money, otherwise it would be considered as an exchange.

" The price, however, may be left to the arbitration of a third person; but if such person cannot, or be unwilling to make the estimation, there exists no sale." C. C. arts. 2414, 2439.

" A price is essential to a contract of sale; if there be none, it is either no contract, or if the consideration be other property, it is an exchange." C. C. 1757.

The only reference in the act to a consideration is "for her good conduct I have this day sold," and "said land is sold to her as a recompense, as a payment for her services to me, as I have paid her nothing for a number of years past." Harrigan, the only witness who testifies to the value of the services, says he thinks from what he saw they were worth from one hundred and fifty to two hundred dollars a year. He was on the place something over a year before the death of John Kleinpeter, and was frequently there from the fall of 1861, to May, 1865, previous. His testimony does not fix a price as agreed upon, or determined by the parties. The court would have to fix the price by assuming the time for which the services were unpaid, and adopting an alternative or undeterminate sum for their value. There is nothing from which we may safely infer that a price was agreed upon. The case of Hellnin *v.* Minor, 12 An. 124, is not a parallel one. There the act was made to conform to the instructions of the Department at Washington, where it was to produce its principal effect, and the court inferred from the language used "for value received," that the price was agreed upon and paid, or its equivalent given in exchange. Here the language used does not warrant such inference. No price nor value is given to the land or services.

The act, therefore, is not one of sale. Nor is it a *dation en payment*, in which a fixed price is also of the essence of the contract. C. C. 2625, 2629; 10 L. 151. And, besides, no attempt at obtaining possession seems to have been made by the defendant for twelve months or more after the date of the act, and it appears that during that time the whole

plantation was in the possession of administrator. The registry of the act seems to have been made after the death of John Kleinpeter, the alleged vendor, and cannot have the effect against his succession as a public act executed by him, as to delivery, another essential in a contract of *dation en payment*. It is not pretended that it is an exchange or donation *intervivos*.

We must conclude that the act before us is evidence of no contract known to our law.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff, as administrator of the succession of John Kleinpeter, deceased, be decreed to be the owner of the tract of fifty acres of land described in the answer of and claimed by defendant, Nancy Trim, with costs in both courts.