## No. 189.

### JOHN T. PRUDE VS. R. C. MORRIS AND J. F. LUCIUS.

| 38 | 767 |
|---|---|
| 51 | 476 |

| 38 | 767 |
|---|---|
| 107 | 405 |

| 38 | 767 |
|---|---|
| 114 | 823 |

| 38 | 767 |
|---|---|
| f120 | 730 |

| 38 | 767 |
|---|---|
| 122 | 1056 |

| 38 | 767 |
|---|---|
| f123 | 132 |

There can be no contract of sale without a fixed price. Where the consideration of a contract called by the parties a sale, is that the transferee of the property shall settle a certain debt of the vendor on the most advantageous terms, without any sum being named, and the transferee takes possession of the property and settles the debt and records his title, though the contract cannot be regarded a sale, yet a creditor of the vendor or transferor, who seizes the property, must first pay out of the proceeds to the transferee in said contract, in possession, the amount that he, the transferee, had paid in settling the debt of the transferor or vendor.

APPEAL from the Eleventh District Court, Parish of Sabine. *Pierson*, J.

---

*Pugh & Goss* for Plaintiff and Appellee.

*J. F. Smith* for Defendant and Appellant.

Evidence which tends to show the intention of the parties, and to show the real consideration in a contract of sale, is clearly admissible.

Although the vendor intended to defraud his creditors, if the real vendee was not a party to such fraud, the sale, as to him, cannot be annulled. 26 Ann. 467; 34 Ann. 883; 19 L. 594.

In a revocatory action it must be shown that the vendor was insolvent, or was not possessed of sufficient property to pay his debts at the time of the transfer. 28 Ann. 454.

The payment of a price less than that stipulated in the act of sale does not make the sale simulated. 19 Ann. 53.

Where the defendant in his answer avers that the purchase was made for a "good and sufficient consideration," and shows that the sale covered an actual contract to secure the payment of a just debt, the actual contract will be enforced. 32 Ann. 95; 31 Ann. 348 ; 30 Ann. 966.

The opinion of the Court was delivered by

TODD, J. This is an action in declaration of simulation, in which the plaintiff, an alleged creditor of the defendant Morris, seeks to have declared simulated and void a conveyance of certain property described in the petition, from Morris to his co-defendant, Lucius.

There is a motion to dismiss the appeal on the ground that the matter in dispute is under the lower limit of the jurisdiction of this court.

It is true that the debt sued for is under $2000, but the property embraced in the alleged sale, according to the pleadings and the estimates by several witnesses on the trial, exceeds that sum; and this latter fact or consideration, determines the question of jurisdiction in favor of the demand in suit.

The motion to dismiss is therefore denied.

---

### ON THE MERITS.

The main questions involved in this controversy are purely questions of fact, to be governed by the evidence in the record.

We find that plaintiff is a creditor of the defendant for the amount claimed in the suit. The debt is evidenced by promissory notes, which plaintiff and defendant both testify on oath are unpaid.

Upon the question of simulation the evidence is, as usual in such cases, very conflicting. It, however, appears as undisputed facts, that at the time of the alleged sale Morris, the ostensible vendor, was indebted to one Johnson in the sum of $21,000, evidenced by his promissory note. A few days after this sale, it is shown, that Lucius, the vendee named in the said alleged sale, settled this debt of Morris to Johnson, paying him $1125. This was paid, so far as the record discloses, by him (Lucius), out of his own means.

Lucius, moreover, swore on the trial of the case, that the consideration of the alleged sale, as agreed on and understood at the time, between him and Morris, was that he should settle this debt of Morris to Johnson. If there was no such agreement, an assumption on the part of Lucius, then he paid out this amount to Johnson gratuitously, since he was in no manner bound to him for the debt apart from his alleged assumption of the debt in the act in question. In addition to this, it is shown by the testimony of Mr. Smith, the attorney for the holder of this claim, that a short time after this alleged sale, and when he was pressing Morris for the payment of the debt, he was told

by him (Morris) that under an agreement with Lucius, he (Lucius) was to pay this debt in consideration of the transfer he had made of his stock of goods, etc., to him.

We are, therefore, forced to the conclusion that, although the price expressed in the written deed from Morris to Lucius—$1825 cash—was a mere nominal price, in point of fact, there was a real considertion tion for the contract, viz : the settlement of this Johnson debt.

If this was so, then the act in question was not a pure fiction.

The contract may not, in truth, have been a sale because the price was not fixed and certain ; but there is a reality about it. The effect of it was to place Lucius in possession and control of the property under an apparent title in consideration of Lucius settling for Morris a certain debt.

It was one of those innominate contracts closely resembling a pledge. After Lucius settled this debt by paying Johnson $1,125, Morris certainly could not have demanded the return of the property without reimbursing Lucius this sum and the plaintiff, as a creditor of Morris, stands in no more favorable position. Lucius is entitled to reimbursement for the amount he has paid out.

The facts of this case are almost exactly parallel with those in the case of Wang & Cottam vs. Martin Finnerty et al, 32 Ann. 95, and we shall so shape our decree as to conform to the precedent found in that case.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court, so far as it decrees the payment by Morris to the plaintiff of the amount with interest therein specified, and maintains the attachment and orders the sale of the property seized, be and the same is affirmed and in all other respects annulled and reversed ; and proceeding to render such judgment as should have been further rendered, it is further ordered, adjudged and decreed that the property described and embraced in the contract between plaintiff and R. C. Morris of date 16th January, 1885, and attacked as simulated in this suit, be and the same is decreed subject to plaintiff's judgment and seizure, but that from the proceeds of the sale of the same J. F. Lucius, defendant, be paid by preference eleven hundred and twenty-five dollars with legal interests on the same from the 24th day of March, 1885, the costs of the lower court to be paid by the defendant Morris, and of this Court by the plaintiff.