(73 South. 857)

No. 22350.

HIBERNIA BANK & TRUST CO. v. McCALL BROS. PLANTING & MFG. CO.

In re HUDSON.

(Jan. 15, 1917.)

(Syllabus by the Court.)

1. SALES ☞48—CONTRACT—ATTORNEY'S FEES —VALIDITY.

An agreement between the vendor and the purchaser in a contract of sale that the price shall be a certain sum or percentage more if it becomes necessary to sue or employ an attorney to collect it than if it be paid without the necessity of a lawsuit or employment of an attorney is a valid obligation.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 101–107; Dec. Dig. ☞48.]

2. SALES ☞306—VENDOR'S LIEN—EXTENT— ATTORNEY'S FEES.

An obligation to pay a certain percentage as an attorney's fee in the event it should become necessary to resort to legal proceedings or to employ an attorney to collect the amount of a promissory note representing the purchase price of property, although only a conditional obligation, is a part of the debt or price or consideration of the sale, and is secured by the vendor's lien and privilege on the property whenever the conditional obligation to pay the attorney's fee becomes absolute.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 865, 866; Dec. Dig. ☞306.]

(Additional Syllabus by Editorial Staff.)

3. VENDOR AND PURCHASER ☞258 — SALES — VENDOR'S PRIVILEGE—"PRICE."

The word "price," as used in Civ. Code, art. 3249, providing that the vendor of immovables shall have a privilege for payment of the "price," means the sum of money which the purchaser has obligated himself to pay for the property bought.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 655–657; Dec. Dig. ☞258.

For other definitions, see Words and Phrases, First and Second Series, Price.]

Case Certified from Court of Appeal, First Circuit.

Proceeding by the Hibernia Bank & Trust Company against the McCall Brothers Planting & Manufacturing Company, in which J. P. Hudson filed a petition of intervention and third opposition in the executory proceedings claiming a vendor's lien and privilege. Question certified from Court of Appeal, First Circuit, by the judges thereof applying for instructions. Instruction stated in favor of the intervener.

Beattie & Beattie, of Thibodeaux, for plaintiff. Charlton R. Beattie, of Thibodeaux, for intervener.

O'NIELL, J. The judges of the Court of Appeal for the First Circuit, have certified

to this court a question of law arising in the case pending before them on which they desire the instruction of this court for their decision.

The plaintiff, Hibernia Bank & Trust Company, having a mortgage on the Evan Hall plantation, belonging to the defendant company, foreclosed the mortgage by executory proceedings and had the plantation seized and sold by the sheriff. J. P. Hudson, holding a promissory note signed by the defendant company, representing the balance due on the purchase price of 18 mules that he had sold to the defendant and that were placed on the plantation for its service and improvement, filed a petition of intervention and third opposition in the executory proceedings, and claimed the vendor's lien and privilege to secure the principal and interest due on the note, $1,905.36, and 10 per cent. attorney's fee, $190.53, as stipulated in the note. The plantation and the mules were sold separately by the sheriff, pursuant to the order of the district judge. The amount realized from the sale of the plantation was less than the amount due to the mortgage creditor. The amount realized from the sale of the mules exceeded the amount due to J. P. Hudson, including the 10 per cent. attorney's fee.

Conceding that the debt due to J. P. Hudson, amounting, in principal and interest, to $1,905.36, is secured by the vendor's lien and privilege on the 18 mules, and that the vendor is entitled to be paid that amount from the proceeds of the sale of the mules in preference to the mortgage creditor, the latter contends that the 10 per cent. attorney's fee, $190.53, forms no part of the purchase price of the mules, is not secured by the vendor's lien, and should not be paid from the proceeds of the sale of the mules to the prejudice of the mortgage creditor.

The question propounded by the Court of Appeal therefore is whether the vendor's lien applies to and secures the 10 per cent. attorney's fee stipulated in the promissory note, as well as the principal and interest, due to J. P. Hudson.

[1, 2] Our opinion is that the vendor's lien on the mules does apply to and secure the payment of the 10 per cent. attorney's fee stipulated in the promissory note executed by the purchaser and representing the balance due on the purchase price of the mules. The obligation consented to by the purchaser and accepted by the vendor as the consideration for the sale of the mules was that the purchaser should pay the amount stated in the note, and the interest thereon, and, in the event it should become necessary to institute legal proceedings or to employ an attorney to collect that amount, then that the purchaser should also pay 10 per cent. as an attorney's fee. When the conditional obligation to pay 10 per cent. as an attorney's fee became an absolute obligation, the 10 per cent. attorney's fee was as much a part of the consideration for which the mules were sold as was the interest due on the note. Interest is defined in Civil Code, art. 1935, as "the damages due for delay in the performance of an obligation to pay money." It has never been doubted that the penalty or obligation to pay conventional interest forms part of the debt on which it has accrued, or that, if the principal of the debt represents the purchase price of the sale of property, the interest, as well as the principal, is secured by the vendor's lien. We see no reason why the same rule should not apply to an obligation to pay an additional sum or percentage as an attorney's fee, when it is stipulated as a part of the consideration for which property is sold. In article 3566, pars. 20 and 21, of the Civil Code, the words "obligation" and "debt" are declared to be synonymous or convertible terms. If an obligation to pay a stipulated sum or percentage as an attorney's fee forms a part of the obligation represented by the

obligor's promissory note, it is part of the debt, and is secured by whatever lien or privilege secures the principal of the debt. If this were not true, it would be impossible for the vendor of real estate to secure the purchaser's obligation to pay a certain percentage as an attorney's fee in case of legal proceedings to collect the purchase price, by retaining the vendor's lien on the property, because liens or privileges arise only from the nature of the debt, and cannot be created by contract or convention of the parties. It has never been disputed, as far as we know, that an obligation to pay a stipulated percentage as an attorney's fee in case of suit, in a promissory note representing the purchase price, or part of the purchase price, of real estate, forms a part of the debt, and can be secured by the vendor's lien or privilege on the property sold.

[3] The lien or privilege of the vendor of real estate, under article 3249 R. C. C., like the lien or privilege of the vendor of personal or movable property, under R. C. C. art. 3227, secures only the payment of the price of the property. In that sense the price is the sum of money which the purchaser has obligated himself to pay for the property bought. 31 Cyc. 1171; Bouvier's Law Dictionary, 457. And we see no reason why the vendor and the purchaser may not agree that the price shall be a certain percentage more if the vendor has to sue to collect it than if the purchaser pays without a lawsuit. All that the Civil Code requires in that respect is that the price must be fixed and determined by the parties to the sale, or be left to the arbitration of a third person able and willing to fix it.

A case somewhat analogous to the one under consideration was that of Henderson et al. v. A. Meyers & Bro. (A. Meyers & Bro., Ltd., Interveners), 45 La. Ann. 791, 13 South. 191; where it was held that the lessor's lien or privilege secured the payment of the at-torney's fee stipulated in the promissory notes representing the amount of the rent due. The opinion, as reported, does not disclose that the right of the lessor to the lien or privilege to secure the attorney's fee stipulated in the rent notes was contested; but the original record in the archives of this court discloses that it was. And the judgment of the district court, in so far as it recognized the lessor's lien or privilege as securing the 5 per cent. attorney's fees stipulated in the rent notes, was affirmed on appeal.

Pursuant to article 101 of the Constitution, our instruction to the Court of Appeal is that the intervener or third opponent, J. P. Hudson, is entitled to be paid the 10 per cent. attorney's fee, as well as the principal and interest, stipulated in the promissory note representing the price of the 18 mules, from the proceeds of the sale of them, in preference to the holder of the special mortgage on the plantation on which the mules were placed by the owner for its service and improvement.