## STATE v. CLARKSON COAL & DOCK COMPANY.[1]

January 27, 1933.

No. 29,272.

Charles E. Adams, for the state.
Boyesen, Otis & Faricy, for respondent.

[1]Reported in 246 N. W. 538.

LORING, JUSTICE.

In proceedings for the enforcement of personal property taxes for the year 1928 the respondent interposed an answer claiming that its coal bridges were improperly classified under G. S. 1923 (1 Mason, 1927) § 1993, class 4, for the purposes of taxation, and that such bridges should be classified as machinery under class 3 of that section. The trial court found in favor of the respondent's contention, and judgment was entered accordingly. The state brings the case here on appeal.

The respondent owns a dock in the city of Duluth upon which are located three coal bridges which perform all of the work of handling coal on the dock. They unload the coal from the vessels by means of clamshell buckets ranging in capacity from three to six tons to the load. The buckets are handled by electrically operated cables, lifted to the carrier, and the carrier runs to any desired point on the dock; the bridge itself also moves from one point to another. The area of movement ranges from 1,200 to 2,000 feet. The bridges are also equipped with machinery for sorting the coal into its various sizes for the retail market.

■ We have no difficulty in finding as a matter of law that the bridge and its appurtenances constituted machinery under § 1993. The only question before us is whether it is the kind of machinery referred to in class 3 or such as is not included in any of the classes preceding class 4 and therefore included in class 4 and assessable at 40 per cent of the true and full value.

It is the contention of the appellant that only manufacturers' tools, implements, and machinery are referred to in class 3; and, since the respondent's business is not that of a manufacturer, its property is properly assessable under class 4. It argues that in R. L. 1905, § 835, the legislature prescribed the form of the assessor's list, consisting of 30 items; that items 11, 18, and 30 read as follows:

"11. The value of agricultural tools, implements, and machinery.

"18. The value of manufacturers' tools, implements, and machinery, including engines and boilers.

"30. The value of all other articles of personal property not included in the preceding items."

It asserts that under the old classification the bridges could not have been listed under either item 11 or item 18, but must have been listed under item 30, and consequently in classifying the bridges under the present statute they would go under class 4. We are of the opinion, however, that the legislature did not intend by L. 1913, p. 710, c. 483, to carry forward the previously existing scheme of listing property for taxation. Up to that time it had made no difference to the taxpayers in which of these items the personal property was listed because they were all assessed on the same basis. Under the 1913 law the theory of taxation was changed, and different items of property were assessed at different percentages of their actual value, and appropriate classifications were provided. Apparently these classes have no relation to the list required under the laws of 1905. The phrasing of class 3 appears to us quite plainly to indicate that all tools, implements, and machinery, whether fixtures or otherwise, except as provided by class 3a, are included, and that there is no connection of the words "tools, implements, and machinery" with "manufacturers' materials and manufactured articles" in such a sense as to restrict the tools, implements, and machinery to manufacturers' property of that character. In fact, the legislative intent seems to be quite plain to cover all tools, implements, and machinery in class 3 except the agricultural tools, implements, and machinery used by the owner in agricultural pursuits, which are assessed at the very low rate of 10 per cent of the full and true value. It is quite evident that the legislature itself so regarded the language of its previous act when in 1923, by L. 1923, p. 152, c. 140, it provided for the reduced percentage on the agricultural implements. If all other "tools, implements, and machinery" than those belonging to manufacturers had been regarded by it to be properly classified under class 4, the legislature would have amended that section in providing for a reduced assessment of agricultural implements and would not have amended class 3 as it did by inserting "except as provided by class 3a" and then by adding thereto subsection class 3a.

The appellant next contends that the respondent is estopped from claiming the proper classification for its property by having itself classified it in previous years in class 4. As to the taxes of 1928, we can see no prejudice to the state by the previous classification. The respondent filed no statement of any kind with the assessor for the year 1928. It took no action whatever in regard to those taxes and made no representations upon which the state could have relied or acted to its detriment. The assessments of previous years are not before this court as an issue. They were not in issue before the trial court. We can see no elements of estoppel available to the state in this case. Troy C. & W. Manufactury v. Fall River, 167 Mass. 517, 46 N. E. 99; Cruger v. Dougherty, 43 N. Y. 107; Landon v. Town of Litchfield, 11 Conn. 250; Morgan's L. & T. R. & S. S. Co. v. Aucoin, 140 La. 767, 73 So. 859.

The judgment is affirmed.