ROGERS, Justice.
 

 Plaintiffs, being the owners in possession of certain lands in Lincoln parish, brought this suit in jactitation against parties claiming ownership of undivided mineral rights in the lands. Wilson v. Pierson, 143 La. 287, 78 So. 561; Frost-Johnson Lumber Co. v. Sailing’s Heirs, 150 La. 756, 91 So. 207.
 

 Plaintiffs are the heirs of T. F. Patton, who, on October 1, 1925, and on December 10, 1925, sold the undivided mineral rights in dispute to R. O. Roy. On May 1, 1935, Roy sold the undivided mineral rights thus acquired to the Acme Land & Investment Company, Inc., of which he was the president and principal stockholder. On September 28, 1935, the Acme Land & Investment Company, Inc., sold the same rights to its four codefendants, one of whom was a minor represented by her tutor.
 

 This suit was filed on January 7, 1936, which was more than ten years after the execution of the mineral deeds by plaintiffs’ ancestor. As no attempt was made by the original purchaser or those holding under him to exercise the mineral rights, plaintiffs expressly set up that they were extinguished by the prescription of ten years liberandi causa.
 

 The court below overruled the plea of prescription and dismissed plaintiffs’ suit, and plaintiffs have appealed from the judgment.
 

 It is well settled that a sale or reservation of the mineral oil or gas in a tract of land constitutes a sale or reservation merely of a real right, or personal servitude, to go upon the land and explore for oil or gas and to possess and own such oil or gas as may be produced; and such real right or servitude is lost by the prescription of ten years liberandi causa, if the owner of the right, being not the owner of the land itself, fails to exercise it for a period of ten years. Palmer Corporation v. Moore, 171 La. 774, 132 So. 229, and the authorities therein cited.
 

 Therefore, the mineral rights conveyed by Patton to Roy have been extinguished by the prescription pleaded, unless some intervening circumstance has interrupted or suspended the running of the prescription. Defendants contend that such a circumstance is to be found in the minority of one of the four purchasers of the mineral rights from the Acme Land & Investment Company, Inc.; their contention being that, under the doctrine of Sample v. Whitaker, 172 La. 722, 135 So. 38, prescription ceased to run from the date of the minor’s purchase, and that such interruption operated not only in favor of the minor, but also in favor of her major co-owners.
 

 Plaintiffs argue that defendants’ contention is not well-founded, because, first, it being unlawful to involve minors’ funds in speculative transactions, the transfer
 
 *1093
 
 was void as to the minor and such title as the deed purported to transfer to her went directly to her tutor, and, secondly, that the deed upon which defendants rely was not a real transaction, but a pure simulation executed for the sole purpose of interrupting the running' of prescription, and that for all practical purposes whatever still exists of the mineral rights is Roy’s.
 

 The testimony in the record, which was admitted over the objection of the defendants, satisfies us that the purported sale by the Acme Land & Investment Company, Inc., to the defendants was a pure simulation. The consideration recited in the deed is, “The sum and price of Sixteen Hundred ($1,600.00) Dollars, cash, or its equivalent and other good and valuable consideration, the receipt of which is hereby acknowledged.” But the testimony shows that no cash, nor its equivalent, nor any other consideration passed between the parties ; and that the deed was executed under a collateral agreement, whether oral or in writing does not appear, that if the designated' vendees could realize anything out of the sale of the property, or production therefrom, they would then pay Roy, the vendor, $1 per acre, together with one-sixth of all sales or production derived from the property. In other words, the defendants were neither to pay nor to be responsible for the alleged purchase price, which was to be derived solely from the property itself.
 

 Looking to the private agreement of the parties to ascertain their intent and purpose, we have no difficulty in determining that there was no sale of the mineral rights. If nothing is realized by the alleged vendors from the sale or production of the property, admittedly, they will pay nothing and owe nothing to their alleged vendor.
 

 In the contract of sale it is essential that the price be certain — fixed and determined between the parties. Civ.Code, arts. 1764, 2439, 2464; Wise v. Guthrie, 11 La.Ann. 91; Prude v. Morris, 38 La.Ann. 767; Pulford v. Dimmick, 107 La. 403, 31 So. 879.
 

 While the validity of a sale does not depend on a price being fixed with certainty in the act, it does depend on a certain price being agreed upon by the parties or left to the arbitration of a third person able and willing to fix it. Walker v. Fort, 3 La. 535; Pulford v. Dimmick, 107 La. 403, 31 So. 879; Hibernia Bank & Trust Co. v. McCall Bros. P. & Mfg. Co., 140 La. 763, 73 So. 857.
 

 In the agreement between the parties, the essentials of a sale were entirely lacking. There was not only no price agreed to be paid, but also no certainty as to the payment of what was agreed on, the payment being wholly conditioned on the apparent vendees’ realizing out of the property itself.
 

 Neither was the agreement a giving in payment or a donation. It was a mere arrangement among the parties to preserve the mineral rights held by the alleged vendor from the running of prescription, using the minor’s name for that purpose. If such a practice were sanctioned, it would enable the owner of a servitude to perpetuate the servitude without any ac
 
 *1095
 
 tion on the landowner’s part by the simple device of under the guise of a sale placing a small undivided interest therein in the name of a minor before any prescriptive period would elapse.
 

 We think the evidence objected to was properly admitted.
 

 Replications under our law are not admissible, and all allegations of an answer are’open to any objections of law or fact without special plea. 'If the defendant is surprised, the proper remedy is a continuance or a new trial. Richard v. Perrodin, 116 La. 440, 40 So. 789; Parish Board of School Directors v. Alexander, 125 La. 808, 51 So. 906; Young v. Morgan City, 129 La. 339, 56 So. 303; Webre v. Christ, 130 La. 450, 58 So. 145.
 

 Plaintiff may urge orally at the trial without otherwise pleading any objections to the title set up in defendant’s answer. McMaster v. Stewart, 11 La.Ann. 546.
 

 A case similar in principle to the present case is Abshire v. Lege, 133 La. 254, 62 So. 667. There the plaintiff in a petitory action set up title which she claimed to have acquired from the succession of her husband, but did not impugn the validity of the sale under which the defendant claimed. The court held that when the defendant set up this sale in answer, the plaintiff had the right to urge against it every objection of law or fact which she might have without pleading the same, replication not being allowed under our law.
 

 Plaintiff as a third person prejudiced by the pretended deed of the Acme Land & Investment Company, Inc., to the defendants has the right to attack it as a simulation and to ask that as to plaintiff it be ignored. Smith v. Mechanics’ & Traders’ Bank, 6 La.Ann. 610; Sere v. Darby, 118 La. 619, 43 So. 255.
 

 In Smith’ v. Mechanics’ & Traders’ Bank, it was said on rehearing, 6 La.Ann. 610, at page 628, that:
 

 “The law abhors simulation; and if there is a point settled by our jurisprudence, more conclusively than any other, it is, that except between the parties to it, it has no existence, and that any third person having an interest, may at all times and in all forms of action, call upon the court to disregard it, and adjudge his rights according to the truth which it disguises.”
 

 As we find that the deed relied on by defendants to interrupt the prescription of ten years liberandi causa pleaded by plaintiffs is a mere simulation, it cannot affect plaintiffs’ rights and as to plaintiffs must be disregarded. Therefore, it is not necessary for us to pass upon the legality of the purported investment of the minor’s funds.
 

 For the reasons assigned, -the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of the plaintiffs M. S. Patton, Mrs. Maggie Patton, H. E. Patton, Margaret Thurman, Laura Caruthers, and J. D. Caruthers, and against the defendants Acme Land & Investment Company, Inc., J. M. Mosely, R. F. Hassell, J. R. Goff, and PI. D. Butler, ordering said defendants to cease and desist from slandering the
 
 *1097
 
 titles of said plaintiffs, and perpetually enjoining said defendants from claiming or asserting any right, title, or interest in and to any minerals or mineral rights in and under the property described in plaintiffs’ petition. Defendants to pay all costs of suit.
 

 FOURNET, J., concurs in the decree.