After a reconsideration of this cause we have reached the conclusion that our original opinion was correct as far as it went, however, appellee, by application for modification of our decree, claims that attorneys' fees should have been allowed.
Article 2705 of the Revised Civil Code reads in part as follows: "The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased."
Article 2707 declares: "This right of pledge affects, not only the movables of the lessee and underlessee, but also those belonging to third persons, when their goods are contained in the house or store, by their own consent, express or implied."
The lease involved contains the following provision with respect to attorneys' fees: "* * * and in case of suit or employment of counsel to collect rent said Lessee shall pay counsel fees not to exceed twenty-five per cent. on the sum or sums due and exigible, * * *".
The attorneys' fees, which were not pressed in argument or brief on the original hearing, should have been allowed. Henderson v. A. Meyers Bros., 45 La.Ann. 791, 13 So. 191, Hibernia Bank Trust Co. v. McCall Bros. Planting 
Manufacturing Co., 140 La. 763, 73 So. 857.
The amount of the fee is not fixed in the lease, the stipulation being that it shall not exceed twenty-five per cent. of the sum due. The maximum amount (25% of $360, or $90) is not too much under the circumstances.
Appellee also contends that interest should have been allowed. The provision with respect to interest, as it appears in the lease, is as follows: "* * * all notes to bear interest at the rate of eight per cent. per annum, from maturity until paid."
There were no notes issued, and this vague reference to conventional interest is not sufficient. Legal interest on contractual obligations runs from the time they become due unless otherwise stipulated. *West Page 245 
Revised Civil Code, Art. 1938, Code of Practice, Art. 554. Here the lease stipulates the whole rent for the unexpired term becomes due upon the first default in the monthly payment which, according to the evidence, occurred October 1, 1938, consequently, interest will be allowed from that date.
For the reasons assigned it is ordered, adjudged and decreed that our former decree be amended so as to allow the sum of $90 as attorneys' fees, in addition to the sum of $360, previously awarded, together with 5% interest from October 1, 1938 and, as thus amended it is reinstated and it becomes the final decree of this Court.
Original decree amended and reinstated.