MORIAL, Judge.
On July 13, 1971, Lou-Ark Equipment Rentals Co., Inc. (Lou-Ark), leased to Becker and Associates, Inc. (Becker), certain movable property for “ * * * [t]he minimum rental to be paid for 30 calendar days,” beginning July 13, 1971, and ending, “ * * * when same is received by the owner at their warehouse, * * * or * * * on the date Bill of Lading is issued covering the return of the Equipment to the Owner.” The stipulated rental was $2,000.00 per month plus 3% Louisiana State Tax payable monthly in advance. In the “Equipment Lease” the movable property was valued at $48,382.00. By specific reference, a Purchase Order of Becker dated July 31, 1971, labeled “Rental-Purchase Option,” was accepted by Lou-Ark and incorporated into and made a part of the lease. This document contained the following pertinent language:
“99% of rental to apply toward purchase price. One month guaranteed rental. * * *
“Value of above * * * to be determined by an independent appraiser or by mutual agreement.”
Becker paid Lou-Ark rentals in accordance with the terms of the lease from July 1971 through February 1973 totaling $41,200.00 including taxes. In January and February 1973, Becker informed Lou-Ark of its desire to exercise the option. The parties could not agree as to the value of the property. Two appraisements were made with the concurrence of Lou-Ark. Each appraiser valued the property at $40,000.00. On March 1, 1973, Becker wrote Lou-Ark confirming previous telephone conversations of its election to exercise its option to purchase based upon the prior appraisements.
Becker sued Lou-Ark for a declaratory judgment of ownership, or alternatively for specific performance, depositing into the registry of the court $412.00 including taxes, the balance of the purchase price calculated in accordance with the option to purchase and based upon the appraisal of $40,000.00. Lou-Ark sued Becker seeking to be declared owner of the property, for its return and for payment of $12,000.00 allegedly due as rent under the lease for the months of March thru August 1973 and rentals accruing until the time the property was returned to Lou-Ark, plus interest and attorney’s fees. From adverse judgments in each suit Becker has appealed. We reverse.
Determinative of this case is a resolution of whether the option provision of the *555 agreement is void for uncertainty and ambiguity by virtue of its failure to specify a time within which the option must be exercised and a price for the movable property.
The lease and option to purchase, being part of the same agreement, are inseparable. As long as the lease was in full force and effect so was the option. The option existed during each thirty day rental period. Kinberger v. Drouet, 149 La. 986, 90 So. 367 (1922). At any time during a thirty day rental period for which the rent had been paid Becker could elect to exercise its right of option to purchase the leased property. Therefore, a time within which to exercise the option was stated.
The determination of the sale price may be left to a third party. LSA-R.C.C. Article 2465. An option that provides for the price to be determined by a third person is not void for failure to stipulate the price. See Patton’s Heirs v. Moseley, 186 La. 1088, 173 So. 772 (1937).
Wilton Autin, president of Lou-Ark, testified that he suggested an appraiser (Road Equipment, Inc.) to value the property. He further stated that he thought the $40,000.00 valuation placed on the property was “outrageous” but did agree to a second appraisal.
Mr. Becker testified that subsequent to the $40,000.00 appraisement by Road Equipment, Inc., Mr. Autin suggested that an appraisal be made by Mr. Junker, president of South Louisiana Equipment Company. Junker also appraised the movable property at $40,000.00.
From a reading of the agreement it is clear that the intention of the parties was to have a binding independent ap-praisement of the property when a value could not be reached by mutual agreement. The parties agreed on the two independent appraisers. The construction put upon the contract by the parties themselves furnishes the rule for its interpretation. LSA-R.C. C. Article 1956. Applying this rule it is evident from the conduct of the parties that they intended to be bound by the valuation of an independent appraiser.
The terms of the written agreement are unambiguous as to the intention of the parties and are insusceptible of more than one interpretation. Accordingly, the conflicting testimony as to the intent of the parties is inadmissible. LSA-R.C.C. Article 2277.
The lease and option were in full force and effect at the time Becker exercised its option. Therefore, Becker became entitled to specific performance at that time. Accordingly, the judgment appealed from in Becker and Associates, Inc. v. Lou-Ark Equipment Rentals Co., Inc. is reversed and there is judgment in favor of Becker and Associates, Inc., and against Lou-Ark Equipment Rentals, Co., Inc. ordering that defendant specifically perform that portion of the agreement in which Becker and Associates, Inc. was given the option to purchase the hereinafter described property for the price of $40,000.00 on the following terms:
“99% of rental to apply toward purchase price. * * * ”
The movable property to be conveyed is described as follows:
“One (1) LS 108 B Link Belt Crawler Crane, 45 ton, serial number 9 LG3466
“100' Boom, Angle Pin connected
“One 20' Jib
“One 3 Sheave Hook Block
“One Headache Ball”
It is further ordered that said movable property is to be transferred free and clear of all encumbrances and the sale is to be executed within ten days from the date this judgment becomes final. Upon execution of the act of sale the $412.00 in the *556 registry of the court is to be paid to Lou-Ark Equipment Rentals Co., Inc.
With respect to the suit for delinquent rent, we find no rent due after the date on which Becker exercised its option. Accordingly, in the case of Lou-Ark Equipment Rentals Co., Inc. v. Becker and Associates, Inc., the judgment appealed is reversed and set aside.
All costs are to be paid by appellee. Lou-Ark Equipment Rentals Co., Inc.
Reversed.