356 So.2d 1090 (1978)
MOUNT OLIVE BANK, Plaintiff-Appellee,
v.
JACKSON AIR TAXI, INC., Defendant-Appellant.
No. 13477.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1978.
Rehearing Denied April 4, 1978.
Writ Refused June 2, 1978.
*1091 Hamilton, Carroll and Miller by Donald Carroll, Oak Grove, for appellant, Jackson Air Taxi, Inc., and for intervenor Southside, Inc.
Hayes, Harkey, Smith and Cascio by Louis D. Smith, Monroe, for appellee, Mount Olive Bank.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied April 4, 1978.
JONES, Judge.
Defendant, Jackson Air Taxi, Inc. (hereafter "Air Taxi") and intervenor, Southside, Inc., appeal a judgment against Air Taxi on a promissory note executed by its president and directors payable to plaintiff. The trial court ordered enforcement of plaintiff's lien acquired by writ of nonresident attachment on the corporation's aircraft, a Beech Baron, and rejected appellants' demands for dissolution of the writ and damages. We affirm.
On January 16, 1974, Thomas Dunham, Charles Elliott and Charles Shamburger purchased one N315G Beech Baron B-55 aircraft. On August 21, 1974, Dunham and Shamburger as incorporators executed before a notary public articles of incorporation for defendant corporation, Jackson Air Taxi, Inc. These articles reflected Dunham, Elliott and Shamburger as its board of directors.
On August 23rd, two days after execution of the articles, Dunham and Elliott met the vice president of Mount Olive Bank, to refinance in the name of the corporation a previously executed $28,000 note of director Elliott. These corporate directors had earlier obtained from plaintiff a blank note on which was secured Shamburger's signature.
At the time of execution Dunham and Elliott represented themselves as president and director, respectively. They stated this transaction was related to the acquisition of an airplane by Air Taxi and they gave the bank officer a copy of Air Taxi's articles of incorporation with the original signatures of incorporators thereon.
Relying upon Dunham and Elliott's representations of corporate existence and their authority, plaintiff's officer had his secretary prepare the promissory note in the amount of $28,005 plus interest and attorney's fees. The note, although executed on August 23rd, was backdated to May 4th to include unpaid interest on Elliott's past due note. In accordance with plaintiff's normal banking practices, it placed the name of the corporate maker (Jackson Air Taxi, Inc.) in the upper left hand corner of the note. The note was signed by Dunham and Elliott in the lower right corner adjacent to the signature of Shamburger. The corporate note was endorsed by Dunham and Elliott on the back.
At this same meeting Dunham and Elliott instructed plaintiff the corporation's Beech Baron would be used as security for the loan and gave the bank an accurate description of the plane which was included in the security agreement. This agreement on the airplane was improperly prepared and plaintiff does not assert a security interest. On August 28th, five days after Dunham, Elliott and Shamburger signed the note on behalf of the corporation, the Mississippi Secretary of State issued the certificate of incorporation for Jackson Air Taxi, Inc.
*1092 In November, 1974, Elliott, Dunham and Shamburger formally transferred by bill of sale the title of the Beech Baron aircraft to the corporation.
Defendant Air Taxi and plaintiff Mt. Olive along with other parties have been litigants in several court proceedings in Mississippi which involved corporate and individual notes and ownership of the Beech Baron. On March 22, 1977 a Mississippi court rendered judgment declaring Air Taxi the owner of the Beech Baron. This same day Dunham hired a pilot and flew the plane out of Mississippi to Tallulah, Louisiana. The following day Dunham as president of the corporation executed in Mississippi a bill of sale of the plane to Southside, Inc.
On March 24th Mount Olive filed this suit against defendant, a nonresident Mississippi corporation, acquiring jurisdiction by a nonresident attachment on this plane located in Tallulah.
Defendant and intervenor contend plaintiff's suit "in rem" fails because plaintiff's petition does not contain an allegation that the seized airplane was owned by Air Taxi. Although plaintiff does not allege in articles of the petition defendant's ownership, plaintiff does set forth in its prayer an allegation of defendant's ownership of the plane. The allegations in the articles and prayer together comprise the verified petition. Recognizing the harshness of a writ of attachment and need for specific allegations in pleading, we find under these circumstances plaintiff's verified petition adequately alleges defendant's ownership of the plane.
At trial the parties stipulated jurisdiction over defendant is "in rem". We note the defendant by reconventional demand for damages and attorney's fees has submitted itself personally to the jurisdiction of the court. In the absence of the "in rem" stipulation, the judgment rendered herein could have been a personal judgment.
Defendant further contends the trial court erred in overruling an exception of lis pendens based upon existing Mississippi litigation. A review of the cause of action in the Mississippi suit establishes it to be dissimilar to the one here. That suit also includes numerous defendants not here named. For these reasons the trial court properly denied the exception of lis pendens. C.C.P. Art. 531.
Defendant contends the note sued upon was extinguished by payment when the bank allegedly accepted a personal note from defendant's president, Dunham. While evidence surrounding receipt of Dunham's personal note is scant, there is no evidence plaintiff accepted same in payment of the note sued upon.
Appellants contend a motion for a new trial filed in the Mississippi proceedings wherein defendant acquired the March 22nd judgment recognizing it as owner of the Beech Baron, was denied because defendant asserted the plane had been sold. Appellants urge the judgment in these proceedings denying a motion for a new trial establishes the validity of the sale to Southside.
A review of the judgment dismissing the motion for a new trial reflects the dismissal was based upon the grounds that defendant in the suit, Robert E. Whiting, had moved for its dismissal. Under these circumstances this judgment cannot be construed to be a judicial determination of ownership of the aircraft and binding upon Mt. Olive Bank who was not a party to the motion to dismiss the motion for a new trial.
Defendant and intervenor assert the note dated May 4, 1974, cannot be an obligation of defendant because the corporate existence did not commence until August 28, 1974. Appellants contend parole evidence is inadmissible to show the note was executed on a date other than the date shown on the face of the note. Parole evidence is admissible between parties to establish the date of execution of the note is erroneous. Russell v. Armington, 162 So.2d 91 (La.App., 4th Cir. 1964). The purpose of parole evidence here is not to alter or change any terms of the note but rather to establish this note was executed by a defacto corporation.
*1093 Plaintiff established by testimony of its president and vice president the note was executed August 23, 1974; it bore the date of May 4 so that interest on the note would commence on that date instead of August 23; and commencement of interest on May 4 was necessary to consummate the transaction in the manner desired by the corporate officers and endorsers of the note. Their testimony was corroborated by the bank secretary who prepared the note and by another bank employee responsible for bank records.
The bank maintained a microfilm system where all notes were pictured at the end of each banking day. The note on which plaintiff sued which bore the date of May 4th was included in the microfilm work of August 23 with numerous other bank notes bearing date of August 23. The bank registry which reflects the date of receipt of customers' notes established defendant's note was included within the bank's loans for August 23.
The evidence supports the trial judge's finding that the note was made August 23, 1974 rather than May 4. The issue now presented is whether defendant was a defacto corporation on the date the note was executed.
In the decision of Allen v. Thompson, 248 Miss. 544, 158 So.2d 503 (1963) the Supreme Court recognized the following criteria for a defacto corporation: (1) a valid law under which a corporation with powers assumed might be incorporated; (2) a bona fide attempt to organize a corporation under such law; and (3) an actual exercise of corporate powers.
Defendant's articles of incorporation were signed and notarized for the purpose of organizing a corporation under the Mississippi Business Corporations Act on August 21. There is evidence the articles of incorporation were forwarded by defendant's attorney to the Mississippi Secretary of State's office prior to August 28th, but were returned unrecorded to the attorney because of his failure to include within the transmittal a duplicate original of the articles which was required. These acts constitute bona tide attempts to organize under valid Mississippi law. The action of defendant's president and all members of the board of directors and incorporators in executing the note on August 23rd, two days following execution of articles of incorporation, was an exercise of corporate powers.
The decision of Allen v. Thompson, supra, recognizing a defacto corporation exists in Mississippi prior to recordation of the charter, was cited with approval in the more recent Mississippi Supreme Court decision of In Re: Estate of Hardin, 218 So.2d 889 (Miss.1969). The Mississippi law and evidence in this case supports the finding of the trial judge that defendant's note, executed prior to issuance of the certificate of incorporation, is a valid obligation of defendant corporation because it was a defacto corporation at the time the note was signed.
Appellants contend the trial court was in error in holding the aircraft seized was the property of Air Taxi for the reason defendant had sold the plane to intervenor the day before the seizure.
Louisiana law provides that in a contract of sale it is essential the price be certain, fixed and determined between the parties. C.C. Arts. 1764, 2439, and 2464. Wise v. Guthrie, 11 La.Ann. 91; Prude v. Morris, 38 La.Ann. 767; Pulford v. Dimmick, 107 La. 403, 31 So. 879; Patton's Heirs v. Moseley, 186 La. 1088, 173 So. 772 (1937).
Mississippi law also requires as an essential element of a valid sale that the price be either expressly fixed or definitely ascertainable. Gordon v. Fechtel, 220 Miss. 722, 71 So.2d 769 (1954). See also Godchaux Sugars, Inc. v. Fink, 188 Miss. 531, 195 So. 318 (1940).
From the evidence it appears the price for the airplane could have ranged from a figure slightly in excess of $20,000 to a sum in excess of $32,500. The evidence reflects this consideration could have been paid by any one or more of the following methods: (1) all cash; or (2) no cash; or (3)(a) by cancellation of a personal debt owed Dunham to the alleged buyer, and (b) conveyance *1094 of title to automobiles by the buyer to Dunham individually, and (c) by prepayment of leases on automobiles to Dunham individually. The evidence further reflects if defendant could deliver the log books on the airplane to Southside, and if upon inspection the buyer's pilot found the airplane airworthy and mechanically sound, then the price to be paid defendant was to be increased. The evidence does not establish a method of ascertaining the amount of the increase.
In light of this conflicting evidence as to consideration and the method and conditions of payment, the record fully supports the trial court's finding that there was no fixed ascertainable price for the airplane, and for this reason there was no valid sale.
For reasons assigned, the judgment is affirmed at appellants' cost.